# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Roger Isbel,
    Plaintiff

vs

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant

Case No. 1:06-cv-384
(Barrett, J.; Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act (EAJA) (Doc. 15), defendant's memorandum in opposition (Doc. 16), plaintiff's reply and plaintiff's supplemental memorandum in support of his motion. (Docs. 17, 18). In addition, pursuant to this Court's Orders (Docs. 19, 21), plaintiff has filed an amended motion for fees and a second amended motion for fees. (Docs. 20, 22).

Plaintiff seeks an award of $3680.00 under the EAJA for attorney fees related to the prosecution of plaintiff's claims for DIB and SSI benefits under the Social Security Act, 42 U.S.C. § 405(g). Plaintiff argues that as the prevailing party, he is entitled to a fee award, payable directly to his counsel, because the Commissioner's position was not substantially justified, and no special circumstances make an award of fees unjust. In addition, plaintiff claims that his counsel should be compensated at the rate of $160.00 per hour for the legal services rendered in pursuit of his claim.

Defendant objects to plaintiff's motion for EAJA fees on two grounds. First, the Commissioner argues that fees under EAJA are not warranted in this matter because the ALJ's

decision, and by extension the Commissioner's position, was reasonably justified based on the record evidence presented in the proceedings below. Furthermore, the Commissioner contends that if a fee award is found to be appropriate, the award should be paid to plaintiff as the prevailing party, and not paid directly to his attorney.

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Under the Federal Rules of Appellate Procedure, in a civil action where a federal officer is named as a party, the time for appeal does not end until sixty days after the entry of judgment. Fed. R. App. Proc. 4(a)(1), (7). Plaintiff's application for attorney fees was filed on July 3, 2008. (Doc. 15). Thus, plaintiff's motion is timely and properly before the Court.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

**Prevailing Party**

The Equal Access to Justice Act allows for an award of attorney fees to a "prevailing party," other than the United States. 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). Defendant does not contest plaintiff's status as a "prevailing party" based on his net worth or the outcome of the action. Plaintiff became the "prevailing party" when he obtained a remand pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993)(social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of EAJA).

**Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). Under the EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989)(per curiam). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler,* 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the

action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, the Court finds the Commissioner's position was not substantially justified. The ALJ's RFC finding was based in large measure on an improper application of the well-established legal standards for determining the weight to give the opinions of examining experts and plaintiff's own treating physicians. The ALJ gave little weight to the opinions of plaintiff's treating primary care physician, Dr. Yang and plaintiff's treating neurosurgeon, Dr. Pagani, while giving too much weight to Dr. McTighe, a treating orthopedist who saw plaintiff for an unrelated medical condition int he distant past. In addition, the ALJ failed to properly consider the combined effects of plaintiff's impairments, specifically the overall impact of plaintiff's subjective complaints of pain caused by his low back condition, encompassing four prior surgeries, as well as pancreatitis and peripheral neuropathy. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A).

**Payment of Fee Award**

In a recent opinion issued on August 24, 2009, the Sixth Circuit specifically addressed the issue of whether attorney fees awarded under the EAJA are payable to the party or the party's attorney. Clarence Bryant, et. al., v. Commissioner of Social Security, United States Court of Appeals for the Sixth Circuit Case No. 08-6375/6378, — F.3d —, 2009 WL 2581293 (6th Cir. August 24, 2009). The Court concluded that attorney fees under the EAJA are not payable

4

directly to the party's attorney. Id. at *5. As this court noted in it's prior Order,

> This Court, like the Sixth Circuit, recognizes that policy considerations may counsel in favor of either making attorney fee awards under the EAJA payable directly to counsel, or excepting attorney fees awarded under the EAJA from administrative offset under the Debt Collection Improvement Act of 1996 (DCIA). *Id.* at *9. Nevertheless, while these policy considerations are "legitimate concerns worthy of Congressional consideration," *id.*, they cannot override proper statutory interpretation of the EAJA's plain language, or the binding effect of Supreme Court and Circuit precedents. *See Bryant, supra*, at *8 (citing *Venegas v. Mitchell*, 495 U.S. 82, 87 (1990); *Evans v. Jeff D.*, 475 U.S. 717, 730-32 (1986)).

(Doc. 19, Order, p. 2).

Plaintiff argues that the Fee Contract executed between counsel and his client permits the Court to award EAJA fees directly to counsel, notwithstanding the *Bryant* decision. (Doc. 22, Fee Contract, attached). This Court disagrees. The Court notes that the Fee Contract itself grants counsel authority to execute any check "which is made out in [plaintiff's] name for his attorney fee (sic) under this Act." In his amended motion for fees, counsel for plaintiff asserts, without citation to any cases, "in some cases the Defendant is recognizing an assignment of the EAJA fee to the claimant's attorney." (Doc. 20, p. 1). The question of whether an EAJA fee award is assignable is not properly before this Court. What is before the Court is the question of who the proper recipient of attorney fees is under the EAJA. The *Bryant* Court has directly answered that question. Consequently, whatever fees may be awarded in this case are payable to plaintiff and may not be made payable directly to his attorney.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125

5

per hour unless the court determines than an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

In *Bryant*, the Court made clear that the burden of demonstrating justification for an increase to the statutory hourly rate rests with the plaintiff. Plaintiff has submitted an affidavit of counsel setting forth counsel's customary hourly rate and additional information regarding the mean and median hourly rates charged by counsel in both the Cincinnati area and Southwestern Ohio. The Court finds this information to amply demonstrate that the hourly rate of $160.00 per hour sought by counsel for plaintiff is reasonable and warranted given the cost of living increases and increases to counsel's hourly rate since the EAJA maximum hourly rate was instituted. In addition, the Court notes that defendant does not object to either the hourly rate or the hours expended by counsel for plaintiff in this litigation. The Court concludes that an increase in the statutory $160.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA. Application of these rates to the compensable hours yields an attorney fee of $3680.00 Accordingly, the Court finds such a fee is reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED**, and that plaintiff be **AWARDED $3680.00**.

Date: 10/22/09

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).